**FILED**

JUL 17 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NATHAN HALL, | ) | No. C 15-1307 LHK (PR) |
| Plaintiff, | ) ) | ORDER DISMISSING CASE WITH LEAVE TO AMEND |
| vs. | ) ) | |
| ZANE THOMAS, | ) ) | |
| Defendant. | ) ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.15\Hall307dwla.wpd

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B. Plaintiff's Claims

According to the complaint, on November 5, 2013, defendant Zane Thomas, a San Quentin State Prison employee, was proctoring a college test at the prison for Feather River College. Thomas accused plaintiff of cheating on the test. Thomas reported plaintiff's cheating to Feather River College Judicial Committee and also issued a serious Rules Violation Report ("CDC 115"). Plaintiff was given a disciplinary hearing and ultimately found guilty of cheating. However, the hearing officer reduced plaintiff's charge from a serious CDC 115 to an administrative CDC 115. Plaintiff alleges that the prison has no authority to conduct a hearing regarding education and testing, and that Thomas falsely accused plaintiff of cheating.

As currently pled, plaintiff's complaint fails to state a claim for relief. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under Section 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984). Plaintiff does not allege that he was deprived of a protected liberty interest. Here, plaintiff's exhibits demonstrate that the discipline he received for the administrative CDC 115 resulted in counseling and a reprimand. Thus, plaintiff's claim is not actionable as a due process claim under *Sandin v. Conner*, 515 U.S. 472 (1995). *See, e.g.*, *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (concluding that even if the charges that led to disciplinary confinement were false, no claim was stated because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under *Sandin*). As currently pled, it is unclear what constitutional right plaintiff claims defendant violated.

1     If plaintiff can do so in good faith, plaintiff may amend his complaint to allege that
2 defendant deprived him of a constitutional right. Specifically, plaintiff must allege facts
3 showing that defendant's actions both actually and proximately caused the deprivation of a
4 federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062,
5 1085 (9th Cir. 2013). Even at the pleading stage, "[a] plaintiff must allege facts, not simply
6 conclusions, that show that an individual was personally involved in the deprivation of his civil
7 rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Although the federal rules
8 require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of
9 the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)
10 (citations omitted). "Factual allegations must be enough to raise a right to relief above the
11 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations
12 omitted).

### CONCLUSION

14     For the foregoing reasons, the court hereby orders as follows:
15     1.     Plaintiff's complaint is DISMISSED with leave to amend.
16     2.     If plaintiff can cure the pleading deficiencies described above, he shall file an
17 AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended
18 complaint must include the caption and civil case number used in this order (C 15-1307 LHK
19 (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must
20 indicate which specific, named defendant(s) was involved in each cause of action, what each
21 defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.
22 Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an
23 amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that
24 demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an**
25 **amended complaint within thirty days and in accordance with this order will result in a**
26 **finding that further leave to amend would be futile, and this action will be dismissed.**
27     3.     Plaintiff is advised that an amended complaint supersedes the original complaint.
28 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

    4.    It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 7/16/2015

_____
LUCY H. KOH
United States District Judge