IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HALL, ) | No. C 15-1307 LHK (PR) |
| Plaintiff, ) | ORDER OF DISMISSAL |
| v. ) | |
| ZANE THOMAS, ) | |
| Defendant. ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Upon review, the court found that the complaint did not state a cognizable claim for relief.  The court explained the deficiencies of the complaint to plaintiff, and dismissed the complaint with leave to amend.  Plaintiff has now filed an amended complaint.  For the reasons that follow, the court DISMISSES the amended complaint with prejudice for failure to state a cognizable claim for relief.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

According to the amended complaint, on November 4, 2013, defendant Zane Thomas, a San Quentin State Prison employee, was proctoring a college test for Feather River College at the prison. Thomas accused plaintiff of cheating on the test, and reported plaintiff's cheating to Feather River College Judicial Committee. Thomas also issued a serious Rules Violation Report ("CDC 115"). Plaintiff was given a disciplinary hearing and was ultimately found guilty of cheating. However, the hearing officer reduced plaintiff's charge from a serious CDC 115 to an administrative CDC 115. Plaintiff alleges that the prison has no authority to conduct a hearing regarding education and testing, and that Thomas falsely accused plaintiff of cheating. Plaintiff also claims that Thomas violated the Due Process Clause, Equal Protection Clause, and several California statutes.

In the court's order of dismissal with leave to amend, the court explained that a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under Section 1983. *See Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984). In the amended complaint, plaintiff still does not allege that he was deprived of procedural due process. Thus, plaintiff's claim that Thomas falsely accused him of cheating does not state a claim for relief.

In addition, the court previously stated that plaintiff was not deprived of a protected liberty interest because the discipline plaintiff received for the administrative CDC 115 resulted

1 only in counseling and a reprimand, which does not amount to an atypical or significant
2 hardship. *See Sandin v. Conner*, 515 U.S. 472 (1995); *see, e.g.*, *Smith v. Mensinger*, 293 F.3d
3 641, 654 (3d Cir. 2002) (concluding that even if the charges that led to disciplinary confinement
4 were false, no claim was stated because the disciplinary confinement imposed was too short to
5 amount to an atypical and significant hardship under *Sandin*). Thus, plaintiff has not stated a
6 cognizable claim that his right to due process was violated.

7 Plaintiff's equal protection claim also fails. "The Equal Protection Clause of the
8 Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction
9 the equal protection of the laws,' which is essentially a direction that all persons similarly
10 situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439
11 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Here, plaintiff sets forth no facts from
12 which it can be inferred that he was treated differently from any other similarly situated person.
13 Therefore, plaintiff has not stated a cognizable claim that his right to equal protection was
14 violated.

15 Finally, plaintiff's claim that Thomas violated several state statutes does not state a
16 cognizable claim for relief in a federal civil rights case. In order to state a federal claim, plaintiff
17 must allege that a right secured by the Constitution or laws of the United States was violated.
18 *See West*, 487 U.S. at 48. Thus, plaintiff's state law claims are not cognizable in this federal
19 civil rights case.

20 In sum, plaintiff has failed to state a claim for relief and the amended complaint is
21 dismissed. Because it is "beyond doubt that the plaintiff can prove no set of facts in support of
22 his claim which would entitle him to relief," *see Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th
23 Cir. 2007), the dismissal is without leave to amend, and with prejudice.

## CONCLUSION

25 The amended complaint is dismissed with prejudice for failure to state a claim. The
26 Clerk shall terminate all pending motions, enter judgment, and close the case.
27 ///
28 ///

1    IT IS SO ORDERED.

2    DATED: 12/14/2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge